```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/11/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HRA GROUP HOLDINGS LTD. et ano.,

                Plaintiffs,

      -against-                                    13-cv-8791 (LAK)

MARK'S MAJESTIC DIAMONDS, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiffs seek to recover more than $1.6 million for diamonds sold or consigned and delivered to the corporate defendants. They now move for partial summary judgment against those defendants on their breach of contract, goods sold and delivered and account stated claims (which include attorneys' fees per contract) and, in addition, seek to hold Mark Natanzon, the principal of the corporate defendants, liable by piercing the corporation veil. The corporate defendants resist on the theory that they sold or delivered to plaintiffs goods worth in excess of $2.8 million, that all or part of that sum may be due and owing to them, and that there in consequence is a genuine issue of fact as to whether the corporate defendants are liable to plaintiffs or, if they are, as to the amount.

        In a report and recommendation dated August 20, 2105 (the "R&R"), Magistrate Judge Frank Maas recommended that the plaintiffs' motion be granted as against the corporate defendants but denied as against Natanzon. Defendants object to the recommendation with respect to the corporate defendants. They argue in substance that there is a genuine issue of fact as to liability and amount in view of the possibility that the account balance favors the corporate defendants or, at least, favors the plaintiffs in an amount less than that claimed.

        The corporate defendants made the point raised in their objections in resisting the motion before Magistrate Judge Maas, who dealt with it thoroughly and completely at pages 8 through 11 of the R&R. In substance, he recommended that the point be rejected because there is no competent, admissible evidence to support any claim that plaintiffs are not entitled to every penny claimed. There is only speculation.

        Accordingly, the objections are overruled. Plaintiffs' motion for partial summary

judgment [DI 17] is granted to the extent that each plaintiff shall have judgment against the corporate defendants for the principal amounts claimed by them against each together with prejudgment interest at the rate of 9 percent from that date the amounts were due to the date of judgment and attorneys' fees. It is denied in all other respects.

Plaintiffs shall settle judgment on five business days notice. As this appears to resolve all claims asserted by both plaintiffs against all of the corporate defendants, leaving only the veil piercing issue as to the claims against Natanzon, it appears that entry of a Rule 54(b) certificate may be appropriate. Accordingly, plaintiffs may include such a certificate in the proposed judgment, and defendants may object thereto within the five day period.

SO ORDERED.

Dated:    September 11, 2015

_____
Lewis A. Kaplan
United States District Judge